United States District Court
Southern District of Texas
**ENTERED**
April 13, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PRINCIPAL HANS-GASTON § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> RESIDENCE INN BY § <br> MARRIOTT, LLC § <br> § <br> Defendant. § | CIVIL ACTION NO. 4:22-CV-00035 |

## ORDER

Pending before the Court is Defendant Residence Inn by Marriott, LLC's ("Defendant") Motion to Dismiss. (Doc. No. 4). Plaintiff Principal Hans-Gaston ("Plaintiff") failed to file a timely response and has yet to file a response at all. After considering the briefing and relevant law, the Court grants Defendant's Motion to Dismiss.

### I.   Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a

1

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.4; see also Hanen L.R. 7(D). As stated above, Plaintiffs failed to respond to Defendant's motion by the Court's February 2, 2022, deadline. Therefore, the local rules would allow the Court to grant Defendant's motion as it should be considered unopposed.

Nevertheless, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." See *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213–14 (5th Cir. 1980)). In other words, where a party does not respond to a motion to dismiss, such failure does not permit the court to enter a "default" dismissal. *Id.* Therefore, the Court will consider the merits of the motion.

## II. Analysis

Defendant argues that this action must be dismissed because Plaintiff has failed to state a claim upon which relief can be granted. (Doc. No. 4 at 2). In his Petition, Plaintiff alleged that Defendant's staff invaded his privacy by opening mail that was addressed to him. (Doc. No. 1-1 at 5). Furthermore, Plaintiff alleges that Defendant withheld mail from him despite his requests for it. (*Id.*). Plaintiff does not identify a statute or specific cause of action in the Petition. (*See id.*)

In its motion, Defendant contends that the allegations set forth in Plaintiff's petition may support a criminal claim under 18 U.S.C. § 1702, but they cannot form the basis for a civil action. (Doc. No. 4 at 2). 18 U.S.C. § 1702 makes it a crime to obstruct correspondence. To the extent Plaintiff's cause of action is based on this statute, his claim is without basis because "Section 1702 is purely a criminal statute and cannot support a civil cause of action." *Berlin Democratic Club v. Rumsfeld*, 410 F. Supp. 144, 162 (D.D.C. 1976); *see also Stephenson v. Veterans Admin.*, No. 91-3724, 1991 WL 208898 (E.D. Pa. Oct. 9, 1991) (explaining that Section 1702 does not contain a provision for civil remedies).

Furthermore, while Plaintiff has alleged that Defendant has violated his privacy by opening mail addressed to him, these allegations are conclusory and contain no factual assertions in support of his claims. As written, these conclusory allegations to not give rise to any known civil causes of action for which relief may be granted.

As a result, Defendant's Motion to Dismiss is GRANTED. (Doc. No. 4).

Signed at Houston, Texas, this 12th day of April, 2022.

Andrew S. Hanen
United States District Judge